FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 SEP 19 PM 5: 03

CLERK_____
SO. DIST. OF GA.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ISIDRO PULIDO-TEJEDO, and )<br>JOSE MARTIN OROZCO-CUELLAR, )<br>)<br>Defendants. ) | Case No. CR407-037 |

## **ORDER**

The Court has today entered a Report and Recommendation addressing defendant Orozco-Cuellar's motion to suppress his post-arrest statements on the ground that they were the product of a custodial interrogation not preceded by the warnings required in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). The resolution of this question was based upon a statement of the facts stipulated to by the parties in their respective briefs.

Defendant's initial suppression motion also suggests that his statements were "involuntarily given" and requests a pretrial

hearing pursuant to Jackson v. Denno, 478 U.S. 368 (1964). Doc. 73, at 9, 10. At the earlier motions hearing the parties did not specifically address this issue, and there is nothing in the record to indicate that the parties intended their stipulation to encompass both the Miranda and voluntariness questions.

The law is clear that "[a] Jackson[v. Denno] hearing is 'constitutionally mandated for a defendant who timely urges that his confession is inadmissible because not voluntarily given.'" United States v. Mostellar, 165 Fed. Appx. 831 (11th Cir. 2006) (quoting United States v. Davidson, 768 F.2d 1266, 1270 (11th Cir. 1985) (emphasis deleted)). "The voluntariness hearing 'must afford the defendant an opportunity to testify regarding the inculpatory statement out of the jury's presence without prejudice to his right not to take the stand in his defense.'" Davidson, 768 F.2d at 1270. The requirement of a voluntariness hearing is codified by 18 U.S.C. § 3501(a). The Court, therefore, will schedule an evidentiary hearing to address defendant's specific contention that his statement to the arresting officer was given involuntarily. If Orozco-Cuellar is no longer asserting that his statements were

involuntary, or if he is willing to concede that all facts pertaining to the voluntariness issue are set forth in the parties' existing stipulation, he may so notify the Court in writing within twenty days of the entry of this Order and thereby waive his right to a Jackson v. Denno hearing.

**SO ORDERED this** 18TH **day of June, 2007.**

*/s/ Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA